Delbert W. COOK

v.

**PRIDE PETROLEUM SERVICES, INC. and Pride Offshore, Inc.**

No. Civ.A. G–98–110.

United States District Court,
S.D. Texas,
Galveston Division.

April 27, 1998.

Thomas M. Stanley, Eastham Watson Dale & Forney, Houston, TX, for plaintiff.

William J. Mays, Rockport, TX, for defendants.

### ORDER

KENT, District Judge.

Plaintiff Delbert W. Cook brings this negligence action for damages he allegedly incurred while working on a drilling rig owned by Pride Petroleum Services and/or Pride Offshore ("Pride"). Now before the Court is Defendant's Motion to Dismiss for Improper Venue, and in the alternative, Motion to Transfer, filed March 30, 1998. For the reasons stated below, the Motion to Dismiss or Transfer is **DENIED**.

1. Although the Court feels that personal jurisdic-

The Court notes at the outset that Defendants' Motion to Dismiss is utterly ridiculous and patently sanctionable. The substantive whole of Defendants' Motion to Dismiss contains the following paragraph:

> Venue is improper in the Galveston Division of the Southern District of Texas because Plaintiff does not reside in this District, the Defendant corporations are not incorporated in the state of Texas, none of the events or omissions giving rise to this Claim occurred in this District; and there is another district in which the action may be brought.

Nowhere do Defendants cite to any authority for dismissal, nor do they inform the Court as to any of the relevant facts needed for the Court's proper consideration of the Motion.

The federal venue statute, 28 U.S.C. § 1391, states that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Furthermore, for venue purposes, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(C). Thus, not only is Defendants' Motion factually deficient, it fails to make even conclusory allegations about a critical factor in the Court's analysis: where the Defendant corporations reside.

As is apparent from the attached Original Answer of the Defendants, each Defendant admits that it "maintains a registered agent, offices and does business regularly and routinely in the Southern District of Texas." Therefore, both Defendants are subject to general personal jurisdiction in the Southern District of Texas,[1] and both Defendants reside in the Southern District of Texas. *See* 28 U.S.C. § 1391(c). Even without these admissions, however, Defendants' Motion is fatally flawed for its sheer failure to

tion is so obviously present that an analysis is

advance even a semblance of analysis or factual reference in support of its request.

Defendants' ersatz "Motion" to Transfer is even more absurd. Defendants state "[b]ecause Plaintiff filed suit in an improper district, the Court should dismiss Plaintiff's Complaint, or in the alternative, transfer this case." Nowhere does the Motion refer to this Court's well established precedent regarding such requests, *see, e.g., Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993), nor does defense counsel even bother with informing the Court as to where he would like this case transferred.

Accordingly, for the reasons stated above, Defendants' Motion to Dismiss for Improper Venue and alternative "Motion" to Transfer is emphatically **DENIED.** The parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date. Furthermore, the Court notes that such *pro forma* motions, although regrettably common practice, constitute an affirmative disservice to legal practice and to the Bar. The Court can discern absolutely no benefits whatsoever that derive from the filing of such hasty and superficial statements. Henceforth, defense counsel may do well to retain local counsel to aid him in mastering the nuances and complexities of federal practice that are apparently beyond his grasp.

**IT IS SO ORDERED.**

unnecessary, an analysis is nevertheless provided to underscore the complete frivolity of Defendants' Motion. In federal court, personal jurisdiction over a non-resident defendant is proper if: (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061 (5th Cir.), *cert. denied*, 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992). The Texas long-arm statute authorizes service of process on a non-resident defendant if the defendant "does business" in Texas. Tex.Civ.Prac. & Rem. Code Ann. § 17.042. Because the phrase "doing business" has been interpreted to reach as far as Constitutionally permissible, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir.1993); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356–57 (Tex.1990).

To ensure that due process is satisfied, the Court must first conclude that the defendant has "minimum contacts" with Texas. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must find that requiring a defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.), *cert. denied*, 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994); *Ruston*, 9 F.3d at 418. In this case, Defendants have both admitted to doing business "regularly and routinely" in the Southern District of Texas. Therefore, the both the minimum contacts prong and the fairness prong of the due process inquiry are satisfied, and personal jurisdiction exists over both Defendants.